## STATE v. BEATTY.

61  307
112  591

1. **Bastardy:** CHILD STILL-BORN: ACTION ABATED.  Where an action was properly begun against the defendant for bastardy, but the child was afterwards born dead, the action should have been dismissed. Under the statute, defendant was not liable for the lying-in expenses of the mother, and a judgment against defendant, even for costs, was erroneous.

*Appeal from Delaware District Court.*

### WEDNESDAY, JUNE 13.

THE defendant was charged with bastardy. The complaint was filed before the child was born. The woman was delivered of a dead child between the time of making the complaint and the trial of the cause. At the time of her sickness and the birth of the child, medical attention and other expenses were necessary, which were furnished at the expense of the county. There was a trial by jury, and the defendant was found guilty. The state asked judgment for the expense of the medical attention and other lying-in expenses. The defendant claimed that, the child not having been born alive, no cause of action existed at the time of the trial, and that he should have been acquitted. The court overruled the claims of both parties, and rendered judgment against the defendant for the costs of the action, and both parties appeal.

*Smith McPherson, Attorney-general,* for the State.

*Ed. P. Leeds* and *A. S. Blair,* for defendant.

ROTHROCK, J.—Section 4715 of the Code provides that "when any woman residing in any county of the state is delivered of a bastard child, or is pregnant with a child which, if born alive, will be a bastard, complaint may be made in writing by any person to the district court of the county where she resides, stating that fact, and charging the proper person as being the father thereof   *   *   *   *   * ."

Other sections of the statute provide that from the time of the complaint a lien shall be created upon the real property of the accused in the county, for the payment of any money and the performance of any order adjudged by the court. An attachment is also provided for. The penalty provided by law is found in section 4721, and is as follows: "If the accused be found guilty, he shall be charged with the maintenance of the child in such sum or sums as the court shall direct; with the costs of the suit    *    *    *    *    *."

There being no liability except such as is created by statute, the question to be determined is, can the defendant be held liable for the lying-in expenses and medical attendance upon the mother, under the law which charges him with the maintenance of the child?

Maintenance is defined to be "aid, support, assistance: the support which one person, bound by law to do so, gives to another for his living." Bouvier's L. Dict., Vol. 2, 90.

Now, as the child was not born alive, there never was any person for whose maintenance the defendant could be charged. It having been dead born, it never was a being whose maintenance could be charged to any one. It is true, the action was properly commenced before the delivery of the child, because the law authorizes it to be commenced. But it does not follow that, because the action was properly commenced, the right of action continued after it was demonstrated that there was not and could not be a bastard child to maintain. The child not having been born alive, the action abated, and no judgment could be rendered against the defendant for the maintenance of a person not in existence, and who never was in being, and if no judgment could be rendered against the defendant, he was not liable for costs. The action should have been dismissed without a trial.

Upon the appeal of the state, the judgment will be affirmed, and the judgment against the defendant for costs will be.

REVERSED.