STATE OF IOWA *ex rel.* ELIZA HAWK, Appellant, v. FRANK
L. HARRIS.

**Complaint in Bastardy:** EVIDENCE ADMISSIBLE UNDER: *New trial.*
Where a complaint in bastardy, alleging that plaintiff is preg-
nant with a child, which will be a bastard if born alive, is
filed under Code, section 5629, authorizing such suit before
the birth of the child, and the evidence shows that the child
was born alive after the complaint was filed, but no amend-
ment is made, it is not error to refuse defendant's motion for
a new trial, and in arrest of judgment for the failure to
allege the birth of the child, since evidence of its birth was
admissible under the original complaint.

*Appeal from Cass District Court.*—HON. W. R. GREEN,
Judge.

SATURDAY, DECEMBER 22, 1900.

PLAINTIFF filed in the district court of Aubudon county
a complaint, on relation of Eliza Hawk, a resident of said
county, alleging that she was an unmarried woman, 20 years
of age, resident of Exira township, Audubon county, and that
she was then pregnant with a child, which, if born alive,
would be illegitimate, and that the defendant Frank L. Har-
ris is the father thereof. It was alleged that the defendant
had absconded from his home in Cass county; that he was
the owner of property subject to attachment in said county,
and was a minor of the age of 19 or 20 years. The
complainant prayed judgment against the defendant for the
support and maintenance of the child and for costs, and for
the issuance of an attachment against the property to the

sheriff of Cass county, and that a guardian *ad litem* be appointed for the defendant, to make defense. An attachment was ordered and levied upon certain real estate in Cass county The defendant answered, denying every allegation contained in the complaint, and by agreement of parties, entered of record, the place of trial was changed to the Cass district court. On suggestion of the minority of the defendant, John Hudspeth was appointed guardian *ad litem,* and answered, adopting the answer of the defendant. The jury returned a verdict of guilty as charged, and judgment was rendered thereon in favor of the relator "for the support of her bastard child begotten by the defendant," in the sum of $600. It was adjudged that the attachment be dissolved, the property released, and that execution should not issue on the judgment, "for the reason that defendant is a minor, but this judgment shall be enforced through the probate court." The plaintiff appeals from so much of the judgment as discharges and releases the attached property and denies the right to an execution, and requires the plaintiff to obtain satisfaction of the judgment through the probate court. The defendant also appeals, assigning as error that the court erred in overruling his motion for new trial and in arrest of judgment, "upon the ground that the petition herein does not allege the birth of the child in question. Such birth was an ultimate fact to be pleaded and proven, and, not being pleaded, no legal judgment can be entered. Without a plea of such fact, relator was entitled to no relief whatever "—*Reversed in part.*

F. E Brainard, County Attorney for Audubon County, C. E. Meredith, County Attorney, for Cass County, H. F. Andrews and DeLano & Meredith for appellant.

John Hudspeth for appellee.

GIVEN, J.—I By stipulation this case is submitted on the plaintiff's appeal on the arguments in the case of *Hawk v.*

*Harris,* 112 Iowa, 543 *ante.* What we have said in that case fully disposes of the questions presented in this on plaintiff's appeal, and it follows therefrom that in so far as the judgment in this case dissolves the attachment, releases the attached property, denies execution, and orders that the judgment shall be enforced through the probate court, it is reversed.

II.   The only question presented on defendant's appeal is whether the court erred in overruling his motion for new trial and in arrest of judgment "upon the ground that the relator's petition fails to allege the birth of the child in question." The complaint was made September 19, 1898, and alleged that the relator "is now pregnant with child, which, if born alive, will be illegitimate." The trial was had January 20, 1899, and the complainant testified, without objection, that the child was born November 24, 1898, and was still living. The object of this proceeding is to secure the maintenance of the child. *State v. Shoemaker,* 62 Iowa, 343. If the child was not born alive, this action would abate. *State v. Beatty,* 61 Iowa, 307 The complaint alleges all that could have been truthfully alleged at the time it was made, namely, the pregnancy of the complainant. If the child had not been born alive, this proceeding would have abated. To establish liability, it was necessary that the state should show in support of the complaint that the child was born alive; and this we think it could do, under the allegations of the complaint, without amendment. Code, section 5629, provides specifically for just such a complaint as this, and no provision is made for amending it by alleging the subsequent birth of the child. We think there was no error in the respect complained of. The judgment of the district court is REVERSED on plaintiff's appeal, and AFFIRMED on defendant's appeal.