### HARDEN v. STATE.

No. 29544. Nov. 12, 1940.

*107 P. 2d 364.*

Owen F. Renegar, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

HURST, J. This is an appeal by defendant from his conviction in a bastardy proceeding. Defendant makes four contentions.

1. The first and third contentions may be considered together. The complaint was filed before the birth of the child, and the case was tried after its birth. Defendant contends that the complaint should have been amended to show this fact. There was no motion made to require such amendment, and no objection to the proof of birth. Defendant demurred to the complaint, which demurrer was properly overruled. Under section 1718, O. S. 1931, 10 O.S.A. § 71, the complaint may be filed before the birth of the child. The statute does not require an amendment after birth, and we fail to see where defendant would be prejudiced by lack of such averment. See State v. Harris, 112 Iowa, 589, 84 N.W. 681, and Miller v. State, 110 Ala. 69, 20 So. 392.

2. Defendant's contention that the verdict is not sustained by sufficient evidence is likewise without merit. The girl testified to intercourse with defendant, pregnancy, and the birth of the child, and denied intercourse with any other man. Her testimony was not denied by defendant, but he introduced a letter written by the girl to a friend, in which she stated that she was supposed to be going with a man other than defendant. This man was produced as a witness, and he denied that he and the girl were keeping company at or near the date of conception, and denied that they had ever had intercouse. This was all the evidence on this point, and was ample to sustain the jury's verdict.

3. Defendant's last contention is that the trial court required him to pay an excessive sum for the support of the child. The court adjudged that he contribute $5 per month for the first two years after May 1, 1939, $7.50 per month for the next four years, and $10 per month thereafter until he had paid the total sum of $1,000. We find nothing in the record justifying the contention that the judgment is excessive.

Affirmed.

BAYLESS, C.J., WELCH, V.C.J., and OSBORN and GIBSON, JJ., concur.