SMITH v. STATE BOARD OF
EDUCATION.

No. 30628. May 12, 1942.

*126 P. 2d 241.*

John A. Johnson, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Harry Johnson, Asst. Atty. Gen., Richard Martin, of Muskogee, and Martin L. Frerichs, of Okemah, for defendant in error.

OSBORN, J. Joseph Smith, hereinafter referred to as plaintiff, instituted this action in the district court of Oklahoma county against the Oklahoma State Board of Education, hereinafter referred to as defendant, wherein plaintiff sought to prohibit the further prosecution of a proceeding to revoke plaintiff's certificate to teach school within the State of Oklahoma. Defendant prevailed in the trial court, and plaintiff has appealed.

Plaintiff is the holder of a life certificate to teach school within the State of Oklahoma, issued by the State Board of Education pursuant to the conferring of the degree of Bachelor of Science upon him by Southeastern State Teachers College at Durant. The certificate was dated May 18, 1927. On May 19, 1941, plaintiff was notified to appear before the board to show cause why his certificate should not be revoked. Included in the notice were specifications of charges of law violation, which will not be enumerated here. On July 5, 1941, the present application to obtain a writ of prohibition was instituted, on the theory that the board was without statutory authority to revoke plaintiff's certificate.

Plaintiff's certificate was issued pursuant to the authority granted to the State Board of Education by 70 O. S. 1941 §§ 951 and 1761.

Defendant relies upon the provisions of section 7927, R. L. 1910, as its authority for revocation of the certificate. Said section is as follows:

"A county certificate may be revoked by any county board of examiners, and a state certificate by the State Board of Education, on the ground of immorality, or for any other cause that would have justified the withholding thereof, when the same was granted: Provided, that any teacher whose certificate shall have been revoked by a county board shall have the right to appeal to the State Superintendent."

This statute was not carried forward in Comp. Laws 1921, or Oklahoma Statutes of 1931, for the evident reason that the compilers were of the view that the same had been superseded by chapter 219, S. L. 1913, which is an act prescribing the laws for the government of the common schools of Oklahoma, and repealing conflicting laws. The statute covers 97 pages of the 1913 Session Laws and is general in its nature, and was intended to furnish a complete statute as to all subjects included therein, after it became effective on January 1, 1914. Searcy v. State ex rel. Carl, 64 Okla. 257, 167 P. 476.

Plaintiff's argument that section 7927, supra, was repealed by implication and therefore ineffective, is predicated upon the rule that "where two legislative acts are not repugnant, yet, if the later act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute for the first act, it will be construed to repeal the first act by implication, though it makes no reference to it." See In re Application of Jackson, 179 Okla. 577, 66 P. 2d 1101, and authorities therein cited.

Chapter 219, S. L. 1913, is a comprehensive act, dealing at length with the government of the common schools of this state, but we have given the same careful examination and find no reference therein to the issuance or revoca-

tion of state teacher's certificates by the State Board of Education. Article 14 of the act deals at length with the issuance of county certificates, and provides for the revocation of the same on the ground of "immorality or for any cause that would have justified the withholding thereof when the same was granted." It therefore appears that the failure to refer to the issuance or revocation of state certificates by the State Board of Education was not an inadvertence. In the case of Musick v. School District No. 41 et al., 186 Okla. 371, 98 P. 2d 590, the provisions of section 7899, R. L. 1910, were involved. It was pointed that the section had been omitted from the Oklahoma Statutes of 1931 as "having been superseded by chapter 219, S. L. 1913," which is "an enactment of general school laws and repeals all former laws in conflict therewith." It was held that since there was no inconsistency between the respective statutes and no intention disclosed to repeal section 7899, supra, it would be given full force and effect. It was pointed out that the same statute had been given effect in the case of Ratliff v. State, 79 Okla. 152, 191 P. 1038, long after the enactment of chapter 219, S. L. 1913.

Repeals by implication are not favored, and in construing separate enactments of the Legislature, conclusions as to their intent must be reached, if possible, so as to give effect to each provision, and an earlier statute will not be held to be repealed by a later one, unless the conflict between the two is irreconcilable. State ex rel. v. Wenner, 121 Okla. 190, 249 P. 408.

In the light of these established rules of statutory construction, we hold that section 7927, supra, was not repealed by chapter 219, S. L. 1913, and that the State Board of Education is empowered to revoke teachers' certificates issued by it, upon the grounds therein stated.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and BAYLESS, DAVISON, and ARNOLD, JJ., concur. RILEY, GIBSON, and HURST, JJ., absent.