HODGE et al. v. STEGALL.

No. 35113. Jan. 15, 1952.

Rehearing Denied Feb. 19, 1952.

*242 P. 2d 720.*

Mac Q. Williamson, Atty. Gen., J. H. Johnson, Asst. Atty. Gen., and Hamilton & Kane, Pawhuska, for plaintiffs in error.

George Miskovsky and Leon S. Hirsh, Oklahoma City, for defendant in error.

BINGAMAN, J. The defendant in error sought a mandatory injunction against the members of the State Board of Education to compel such State Board to reissue to him a lifetime teacher's certificate revoked by such board for alleged willful violations of the state laws. From a judgment granting such injunction, the members of the board have appealed.

The essential and admitted facts are that L. R. Stegall, prior to March 23, 1951, held a lifetime teacher's certificate, and was engaged in teaching at the Burbank School in Osage county.

On December 19, 1950, twenty complainants from the Burbank school district appeared before the State Board of Education and filed a formal written complaint with the Board, specifying twelve alleged violations of the Oklahoma laws by Mr. Stegall. The complaint requested a hearing thereon and at the conclusion of such hearing that the certificate of the teacher be revoked. The State Board of Education set the hearing on the matter for 1:30 p.m., on Friday, January 26, 1951. On December 29th, a letter containing an excerpt of the minutes of the State Board, showing the filing of the complaint and the setting of the same for hearing, was sent by the Secretary of the Board to Mr. Stegall. On January 11, 1951, the State Superintendent, for the Board, advised Mr. Stegall further of the hearing and furnished to him an exact copy of the written complaint filed. This letter also advised that opportunity would be afforded the teacher for a full hearing at the time specified. Receipt of both letters and the enclosure was admitted by Mr. Stegall.

On January 21st, Mr. Stegall presented himself before the board with counsel and filed his protest against the hearing, on the grounds: (a) There was no statute on rules and regulations providing for the conduct of such a hearing; (b) the charges had no relation to the continuance of the certificate and did not authorize its revocation; (c) the charges were so indefinite and uncertain as to prevent a proper preparation of defense; (d) the charges purported to indict the teacher under the criminal laws of the state without trial in a proper tribunal; (e) the charges were unverified and unproven; (f) the entire proceeding was a travesty on justice and contrary to all established concepts of constitutional rights and due process of law. When the Board announced its intention to proceed with the hearing counsel for Mr. Stegall demanded a shorthand record be taken of the proceedings. The Board advised counsel it had no provisions for such shorthand report of the proceedings, but offered to allow Mr. Stegall to make any record he might wish of the same. Considerable evidence was then taken, but no reporter's record of the same has been included in the record here. At the conclusion of this evidence the hearing was continued to March 2, 1951. Thereafter, on February 3rd, an amended complaint was filed with the State Board charging willful violations of the state laws, with reference to school matters. A copy of this was also made available to Mr. Stegall. On March 2nd, at the request of counsel for Mr. Stegall, the matter was continued to March 23rd. At that time further continuance was sought by Mr. Stegall and his counsel, and on the same being refused they withdrew from the hearing. The State Board of Education then proceeded with the hearing and at the conclusion thereof revoked the certificate.

After such revocation the present action was instituted in the district court, asking for a mandatory injunction to reinstate the certificate on the ground the action of the board was arbitrary, unwarranted and contrary to and in excess of the jurisdiction and authority of the Board.

The authority of the State Board to revoke a teacher's certificate is contained in 70 O. S. 1949 Supp. §18—7 (5), wherein it is provided that the State Board shall revoke the license or certificate of any teacher who knowingly and willfully violates any of the provisions of the State Aid Law. Also, in 70 O. S. 1949 Supp. §2A-4(9), (S. L. 1949, p. 522), which provides:

"Certificates may be revoked by the State Board of Education for willful violation of any rule or regulation of the State Board of Education, or of any Federal or State law, or other proper cause, but only after sufficient hearing has been given before the State Board of Education."

Preceding the above provision and in the section of the statute above cit-

ed, the State Board was authorized to make rules as follows:

"Shall formulate rules and regulations governing the issuance and revocation of certificates."

Under Art. 1, § 5, of the Constitution the Legislature is charged with the responsibility of establishing and maintaining a system of public schools. By Art. XIII, § 5, of the Constitution, the supervision of instruction in the public schools is vested in the State Board of Education, with powers and duties to be prescribed by law. That the certificate to teach is a license and not an absolute right appears to be clearly established. The Supreme Court of Indiana, in the case of Stone v. Fritts, 169 Ind. 361, 82 N.E. 792, 15 L. R. A. (N. S.) 1147, in considering a teacher's certificate where the responsibility of establishing and regulating public schools rested with the Legislature, held that the certificate was a license and that it had none of the elements of a contract but was only a personal privilege to be exercised under existing restrictions and such as might be subsequently reasonably imposed.

That the State Board, in revoking a license, acts in an administrative rather than a judicial capacity, has been clearly established by this court. Freeman v. State Board of Medical Examiners, 54 Okla. 531, 154 P. 56. That case further held that the trial under such a complaint need not be conducted with that degree of exactness which is required in trials before ordinary tribunals of justice. A complaint was there held sufficient where it informed the accused physician of the nature of the wrong charged and of the particular instance of its alleged perpetration.

The complaint here is quite specific in pointing out the time, place and alleged violations of the Oklahoma statutes. The complaint, therefore, that the charges were too indefinite and uncertain to permit a proper preparation for defense is not well taken.

It was also contended by the teacher that the State Board, in the absence of a showing of promulgation of rules and regulations for the conduct of such a hearing, was without authority to hear and revoke a teacher's license. The statute directs the State Board of Education to promulgate rules and regulations governing the issuance and revocation of certificates. In Moore v. Vincent, 174 Okla. 339, 50 P. 2d 388, this court held that the State Embalming Board, under the general power to revoke licenses, did not have the power to revoke such a license under its rules, except for specific acts specified in the rules. In the case at bar the power to revoke is specifically granted by the statute and also the power to make rules for such purpose. The power to revoke is provided specifically in the statute on the grounds of: (1) A willful violation of any rule or regulation of the State Board of Education, (2) a willful violation of any federal law, (3) a willful violation of any state law, (4) or other proper cause. Where the right to revoke is specifically given for a violation of any state or federal law, that, in itself, appears to be sufficiently definite and certain to establish the rules of conduct which the teacher must comply with in order to retain his certificate. Obviously, if it was sought to revoke for a willful violation of one of the rules or regulations of the State Board of Education, such rule or regulation would have to be promulgated prior to the violation. Also, under the fourth provision, that it might be revoked for "other proper cause", such other proper cause must be established by some rule or regulation of the State Board promulgated prior thereto so that the teacher may know of the rules of conduct under which his license may be revoked. Fisher v. State, Insurance Board, 139 Okla. 92, 281 P. 300.

It was also contended that the violations of the state laws complained of constituted criminal offenses, punishable under the criminal laws of the state. In our opinion the right to re-

voke the certificate is not limited to violation of state laws, which may carry a criminal penalty, but extends to other laws which may or may not be crimes. Smith v. State Board of Education, 190 Okla. 556, 126 P. 2d 241.

The power and control of the Legislature over such a license appears well established:

"A license, such as held by appellant, is not a property right; it is not a contract, and the Legislature may impose new or additional burdens on the licensee and reserves the right to alter the license or to revoke or annul it even though the licensee has expended money in reliance thereon." Pierstorff v. Board of Embalmers and Funeral Directors, 68 Ohio App. 453, 41 N. E. 2d 889.

The Supreme Court of Kansas, in considering a similar situation, involving the State Board of Medical Examiners, held:

"The State Board of Medical Registration and Examination is not a judicial tribunal. While it may be said to act quasi judicially, it is only a ministerial board, and performs no judicial functions. It is classed with such boards as . . . . for the examination of applicants for teachers' certificates . . . .

"It was the intention of the Legislature to adopt a summary proceeding by which the morals of the people and the dignity of the profession might be protected against such a possibility, without being embarrassed by the technical rules of preceedings at law." Meffert v. State Board of Medical Registration and Examiners, 66 Kan. 710, 72 P. 247.

No evidence was offered before the trial court on the merits of the charges. The Board took evidence and there is no showing that it acted arbitrarily and without proper hearing. It appears from the authorities cited above the board had jurisdiction to proceed in the matter and therefore the granting of the injunction was improper.

Reversed and remanded, with directions to enter judgment for the defendants denying the injunction.

HALLEY, V.C.J., and GIBSON, DAVISON, and JOHNSON, JJ., concur. WELCH, CORN, and O'NEAL, JJ., dissent.