Kenny LANCASTER, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. James H. HARROD, County Attorney, Oklahoma County, Oklahoma, Defendant in Error.

No. 41181.

Supreme Court of Oklahoma.

April 4, 1967.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., of Oklahoma, Charles L. Owens, Asst. Atty. Gen., Oklahoma City, for defendant in error.

McINERNEY, Justice.

■ This appeal presents a single issue for our determination concerning the commencement of a jury trial in a bastardy proceeding prior to the birth of the child. The plaintiff in error, who will be referred to as defendant, his position in the trial court contends that it is necessary that the child be born before the commencement of the trial. The State of Oklahoma, plaintiff in the trial court, contends that the statute, 10 O.S.1961, § 71, permits a trial prior to the birth of the child. This precise question has never been determined in Oklahoma. Other jurisdictions reach varying results, and reference to decisions of these states is of little benefit other than to demonstrate the difference of opinion. It is sufficient to say that these states base their conclusions on an interpretation of their own statutes, and we will do likewise.

> "It is well settled that bastardy proceedings are controlled absolutely by statute, and nothing can be done in said proceedings not ordained or sanctioned by the statutes." Benson v. State ex rel. Evans, Okl., 375 P.2d 958.

■ The plaintiff prosecuted this action under 10 O.S.1961, § 71, which states:

> "Whenever any woman residing in any county of this State is delivered of a bastard child, *or is pregnant with a child which if born alive will be a bastard,* complaint may be made in writing duly verified, by any person to the county court stating that fact and charging the proper person with being the father thereof. The proceeding shall be entitled in the

name of the state against the accused as defendant * * *." (emphasis supplied)

A complaint stating that the woman is pregnant with a child which if born alive will be a bastard is sufficient to state a cause of action and a demurrer to such a complaint is properly overruled. Harden v. State, 188 Okl. 155, 107 P.2d 364; Burnham v. State et al., 130 Okl. 221, 266 P. 781. Jurisdiction of the county court over the defendant is therefore acquired prior to the birth of a child upon a duly verified complaint. The next section, 10 O.S.1961, § 72, states:

"Upon the filing of such complaint the county judge shall issue his warrant for the arrest of the accused requiring that he be *forthwith* brought before such court for *trial."* (emphasis supplied)

In regard to the trial, 10 O.S.1961, § 76 provides as follows:

"Upon the defendant being brought before the court, if he deny the truth of the complaint, the issue to be tried shall be 'guilty' or 'not guilty', and shall be tried *summarily* before the court, unless the defendant demand a trial by jury." (emphasis supplied)

 It is clear from a reading of the above three sections that the statutes controlling bastardy proceedings sanction a summary trial upon the complaint of a pregnant woman. The defendant may plead guilty or be found guilty by the court after trial while the woman is still pregnant with a child which if born alive will be a bastard. The language of these statutes is plain and unambiguous, leaving no justification for judicial interpretation. State ex rel. Ogden v. Hunt, Okl., 286 P.2d 1088; Hines v. Winters, Okl., 320 P.2d 1114; Forston v. Heisler, Okl., 363 P.2d 949. There is no requirement under the statutes, §§ 71, 72 and 76, supra, that the birth of a child shall have occurred prior to a trial, and none exists, unless it is contained in 10 O.S.1961, § 77, which states:

"If a jury is demanded, the case shall be set for trial at the next term of court, and in the meantime the defendant may be admitted to bail for his appearance at that time, upon his executing a recognizance in a sum fixed by the court, conditioned that he will appear at the time to which such action may be continued. Upon the execution and approval of such recognizance the defendant shall be discharged. * * *"

and providing further for the disposition of the proceedings if the bond is forfeited. There is no express provision in § 77, supra, that the trial shall not commence until after the birth of the child. Unless such a provision exists by judicial construction, in the absence of an express provision, the contention of the defendant must fail.

 The general rules that apply in construing a statute are that the legislative intent must govern, and to arrive at the legislative intent, the entire act must be considered, McSpadden v. Mahoney, Okl., 402 P.2d 656; a construction should be given the act which is reasonable and sensible, Christian v. Shideler, Okl., 382 P.2d 129, and should not be construed so that it would lead to an inconsistency between different parts as they bear upon each other. State ex rel. Rucker v. Tapp, Okl., 380 P.2d 260.

 Applying these general rules, we note that we have already determined that the plain words of §§ 71, 72 and 76 provide for summary non-jury trial upon the complaint of a pregnant woman prior to the birth of the child. It would not be reasonable to hold that the legislature intended a different provision, as a matter of law, for the trial of the same issue upon a request for a jury. Such an interpretation, as contended for by defendant, would result in the legislature intending to provide a different treatment for litigants to determine the same ultimate fact, i. e.; whether or not the named defendant is the putative father of the unborn child. This court held in the first syllabus of County Board of Equalization, Pittsburg County v. Muskogee Industrial Finance Corp., Okl., 357 P.2d 224,

"In construing statutes the courts should not presume that the legislature has intended to unjustly discriminate between

different cases of the same kind, but should adopt that construction which will insure the uniform operation of the statute."

This inconsistency, non-jury trial before the birth of the child and jury trial after the birth, between different parts of the same act should not arise by judicial interpretation, particularly where the earlier sections of the act, bearing on the same subject, are plain and unambiguous.

The defendant relies on Harden v. State, 188 Okl. 155, 107 P.2d 364, to support his contention that the birth of the child must be proven at the time of trial. The Harden case, supra, holds only that the complaint may properly be filed before the birth of the child and need not be amended after the birth of the child, but the birth may be proven at the time of the trial on the original complaint.

We hold that defendants accused under 10 O.S.1961, § 71 must be treated similarly, and without discrimination, in the trial of the complaints, and the act, Chapter 3, Title 10 O.S.1961, § 71, et seq., when considered in its entirety, does not require the birth of the child prior to the trial on the issue of responsibility.

In this case, complaint was filed August 19, 1963, alleging that the complainant became pregnant as a result of an act of intercourse with the defendant on April 15, 1963. Trial was commenced November 19, 1963, *after both parties announced ready,* and a jury verdict of guilty rendered November 20, 1963. It is important to note that the defendant filed no motions attacking the sufficiency of the complaint, requested no continuances of the trial of the issue and announced he was ready to commence the trial on November 19, 1963. At the close of the state's evidence, the defendant entered a general demurrer, produced two witnesses, including himself, and moved for a directed verdict at the close of all of the evidence on the grounds that the state had failed to prove a specific date and time the prosecutrix became pregnant or that the defendant had access to the prosecutrix as to any spe-

cific date or time of the inception of pregnancy. The record is silent regarding the contention made by the defendant in this appeal. After the jury returned a verdict of guilty, the court properly delayed entering judgment on the verdict until the child was born and the expenses incident thereto could be determined. The court set a hearing on these issues at a later date and on March 13, 1964, at which time both parties were present, heard evidence, found as a fact that the child was born January 22, 1964, and was alive on the date of the hearing, determined the needs of the child and the amount the defendant should pay to support the child, and entered judgment on the verdict.

The judgment is affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, HODGES and LAVENDER, JJ., concur.