Mobile Homes — Ad Valorem Tax — Exemption Title 47 O.S. 22.5 [47-22.5](d) (1969) does not allow a person owning a mobile home and utilizing it as a permanent residence to claim homestead exemption on it for ad valorem tax purposes when such person does not own the real estate upon which the mobile home is parked. The Attorney General has had under consideration your request for an opinion wherein you refer to 47 O.S. 22.5 [47-22.5](d) (1969), and ask: "Is a person who owns a mobile home and utilizes it as a permanent residence entitled to claim homestead exemption on it for ad valorem tax purposes when they do not own the real estate upon which it is parked?" Title 68 O.S. 2406 [68-2406] (1969), provides in part: "The term homestead, . . ., shall mean and include the actual residence of a natural person who is a citizen of the State of Oklahoma, provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon;. . ." (Emphasis added) Title 68 O.S. 2407 [68-2407] (1969), provides in part: ". . .and all homesteads in this State shall be assessed for taxation the same as other real property therein." (Emphasis added) Title 68 O.S. 2409 [68-2409] (1969), provides in part: ". . . it shall be the duty of each taxpayer who applies for homestead exemption to file application therefore with the county assessor of the county in which such real estate is located on or before the 15th day of March of the year following: (1) the year in which such real estate was purchased. . . ." (Emphasis added) These statutes strongly imply that the homestead tax exemption applies only real property. It has been so held by this office on numerous occasions. In an opinion dated February 5, 1937, to the Honorable G. A. Sams, County Attorney of Nowata County, Nowata, Oklahoma, this office considered the question of whether or not a person who had leased a ten acre tract of land, and constructed a home thereon in which he lived, was entitled to the homestead exemption for ad valorem tax purposes. That opinion said that he was not entitled to the exemption because he did not own the real property upon which he house was located. In Attorney General's Opinion No. 63-190, this office again held that the exemption applies only to real property and does not apply to a house constructed upon leased premises. Since the person mentioned in your question does not own the real property upon which his mobile home is parked, the above cited authority would prevent urn from claiming homestead exemption on his mobile home for ad valorem tax purposes. Therefore, the question which arises is whether or not 47 O.S. 22.5 [47-22.5](d) (1969), changes the law in this respect. The applicable portions of Section 22.5(d) provide: (a) ". . . . the terms `house trailer' and 'mobile home', as used herein, shall not, . . . include any such house trailer located as a permanent improvement on land owned by the owner thereof when the wheels have been removed and the same is being used for any purpose other than living quarters temporarily located thereon. . . ." (Emphasis added) (b) ". . . the owner of such house trailer or mobile home shall be permitted to apply for homestead exemption, and his application therefor shall be approved if the County Assessor finds that the applicant meets all requirements of law for such exemption." (Emphasis added) By using the language ". . . if the County Assessor finds that the applicant meets all requirements of law for such exemption", the Legislature implied that it did not intend to change the requirements of law for such exemptions. One of lese requirements is, as noted above, that the exemption only applies to real property. It should also be noted that 47 O.S. 22.5 [47-22.5](d) (1969), does not expressly repeal those sections of Title 68 which limit the exemption to real property. Repeals by implication are not favored. Smith v. State Board of Education, 190 Okl. 556,126 P.2d 241 (1942). Furthermore, ". . . the tax exemption statute is to be strictly construed against the exemption." Board of Equalization of Oklahoma County v. Bonner, 185 Ok 1. 431,93 P.2d 1077 (1939). Also, in Board of Commissioners v. Alexander, 58 Okl. 128, 159 P. 311 (1916), in paragraph 5 of the syllabus, the Oklahoma Supreme Court said: "A joint resolution, duly passed by both branches of the legislature, though not signed by the Governor, and thereby by Section 11, Art. 6, of the Constitution, not having the force of a law, and which resolution was declaratory of the purpose and intent of a former act of the same legislature, passed at a prior session, may be considered by the Court as an aid in construing and giving effect to said former act." In the present case the Legislature which passed 47 O S. Supp. 22.5(d) (1969), also passed S.C.R. No. 39, O.S.L. 1969, p. 629, (not signed by the Governor) which provides in part: "It is the intent of the legislature that the County Assessor shall, when proceeding under the provisions of 47 O.S . Supp. 1969, Section 22.5(d) . . . only allow homestead exemptions on said mobile homes and trailers that are situated on land owned by the taxpayer being assessed and when other constitutional and statutory requirements have been satisfied." From this resolution it becomes apparent that the intent of the legislature was to allow the exemption when a mobile home owned by a taxpayer became an improvement on real property owned by the taxpayer and other requirements of law for the exemption were met. For the reasons set out above, the Attorney General is of the opinion that 47 O.S. 22.5 [47-22.5](d) (1969) did not change the requirement of law that a taxpayer must own the real property upon which a dwelling is located before he can obtain a homestead exemption for ad valorem tax purposes. Therefore, your question is answered in the negative. (Max A. Martin)