Area Planning Commissions — Jurisdiction 1. Title 19 O.S. 866.36 [19-866.36] (1969) allows any county containing a lake constructed by the Grand River Dam Authority or United States Army Corps of Engineers to form a Lake Area Planning and Zoning Commission. Title 19 O.S. 866.2 [19-866.2] and 19 O.S. 866.36 [19-866.36] (1969) limit the jurisdiction of such a Lake Area Planning and Zoning Commission to all or any part of such county not exceeding a three-mile perimeter from the normal lake elevation shoreline of any such lake. 2. Title 19 O.S. 866.3 [19-866.3] (1961) provides that the jurisdiction of a Metropolitan Area Planning Commission is exclusive. Therefor, if a Lake Area Planning and Zoning Commission is created with jurisdiction over an area which is under the jurisdiction of a Metropolitan Planning Area Commission, the Lake Area Planning and Zoning Commission's jurisdiction does not supersede that of the Metropolitan Area Planning Commission. 3. Title 19 O.S. 866.2 [19-866.2] (1969), grants additional powers to certain counties which are authorized to form Metropolitan Area Planning Commissions. 4. The counties granted additional powers by 19 O.S. 866.2 [19-866.2] (1969) may only avail themselves of these powers through a Metropolitan Area Planning Commissions. The Attorney General has had under consideration your request for an opinion wherein you, in effect, ask the following questions: 1. May a county such as Tulsa County or Rogers County form a Lake Area Planning and Zoning Commission with county wide jurisdiction in unincorporated areas? 2. If a Metropolitan Area Planning Commission exists with jurisdiction over a certain area, and a Lake Area Planning and Zoning Commission is created with jurisdiction over part of the same area, would the latter Commission's jurisdiction supersede that of the Metropolitan Area Planning Commission? 3. Under 19 O.S. 866.2 [19-866.2] (1969), which counties have zoning and planning authority throughout all of the unincorporated areas of the county? 4. May a county which has the authority referred to in question three exercise such authority even though no Metropolitan Area Planning Commission exists in such county? Your first question raises two issues: (1) What counties are authorized to form Lake Area Planning and Zoning Commissions? (2) Do such Lake Area Planning and Zoning Commissions have county wide jurisdiction? Title 19 O.S. 866.36 [19-866.36] (1969), provides in part: ". . . A Lake Area Planning and Zoning Commission may be formed to include all or any part of a county in which there is a lake constructed by the Corps of Engineers or by the Grand River Dam Authority regardless of the population of said county or the cities and towns therein. . . . More than one county may cooperate in a joint Lake Area Planning and Zoning Commission. . . ." The last quoted sentence contemplates that counties which contain only a part of such a lake may form a Lake Area Planning and Zoning Commission. Therefore any county, including Tulsa County and Rogers County, may form a Lake Area Planning and Zoning Commission if it contains all or any part of a lake constructed by the Corps of Engineers or the Grand River Dam Authority. The above quoted portion of Section 19 O.S. 866.36 [19-866.36] provides that the Commission may be formed to include all or any part of such a county. However, 19 O.S. 866.2 [19-866.2] (1969), provides in part: ". . . The jurisdiction of any such Lake Area Planning and Zoning Commission is limited to a three mile perimeter from the normal elevation lake shoreline of any such lake." These two sections were passed as part of O.S.L. 1965, ch. 403, Section 1. In Lancaster v. State, Ok 1. 426 P.2d 714,716 (1967), the Supreme Court stated: "The general rules that apply in construing a statute are that the legislature intent must govern, and to arrive at the legislative intent, the entire act must be considered Citation omitted; a construction should be given the act which is reasonable and sensible, Citation omitted, and should not be construed so that it would lead to an inconsistency between different parts as they bear upon each other." Volume 82 CJ.S., Statutes, Section 346, pp. 714-716, provides in part: ". . . It is the duty of the court to reconcile or harmonize, so far as it is practicable, the various parts and provisions, including those that are apparently conflicting or inconsistent, so as to make them consistent, harmonious and sensible, and not mutually destructive, and so as to enable them all to stand and have effect, . . . ." If Section 19 O.S. 866.36 [19-866.36] is considered alone, it arguably grants the county commissioners of such counties authority to create Lake Area Planning and Zoning Commissions with jurisdiction over all or any part of such counties. However such a construction of Section 866.36 would nullify the portion of Section 19 O.S. 866.2 [19-866.2] which limits the jurisdiction of such a commission to ". . . a three mile perimeter from the normal lake elevation shoreline of any such lake." The two sections should be read together as granting authority to the County Commissioners to create such a commission with jurisdiction over all or any part of a county not exceeding a three mile perimeter from the normal lake elevation shoreline of any such lake. Therefore, in answer to your first question, it is the opinion of the Attorney General that the county commissioners of any county containing all or any part of a lake constructed by the Corps of Engineers or the Grand River Dam Authority may form a Lake Area Planning and Zoning Commission, and that the jurisdiction of any such commission may extend over all or any part of such county not exceeding a three mile perimeter from the normal lake elevation shoreline of any such lake. Your second question can be answered by reference to 19 O.S. 866.33 [19-866.33] (1961), and 19 O.S. 866.2 [19-866.2] [19-866.2] and 19 O.S. 866.36 [19-866.36] (1969). Section 19 O.S. 866.33 [19-866.33] provides: "From and after such Metropolitan Area Planning Commission is constituted by the cooperating governmental units, it shall have exclusive control for the purposes herein provided over the territory within such city and the unincorporated areas of the county to the exclusion of any other planning and zoning agency." (Emphasis added) This section grants Metropolitan Area Planning Commissions exclusive control over the territory within their jurisdictions. The statutes which provide for the jurisdiction of Lake Area Planning and Zoning Commissions, 19 O.S. 866.2 [19-866.2] and 19 O.S. 866.36 [19-866.36] (1969), do not provide that the jurisdiction of such commissions is exclusive. Furthermore, Sections 866.2 and 866.36 do not expressly repeal Section 866.33. These provisions are a part of the same act and they should all be construed together. Lancaster v. State, supra. Repeals by implication are not favored in the absence of a clear legislative intent. Smith v. State Board of Education, 190 Okl. 556, 126 P.2d 241
(1942). Therefore, Section 866.33 was not repealed by Sections 19 O.S. 866.2 [19-866.2] and 19 O.S. 866.36 [19-866.36], Section 19 O.S. 866.33 [19-866.33] must control, and your second question must be answered in the negative. If a Metropolitan Area Planning Commission exists with jurisdiction over a certain area and a Lake Area Planning and Zoning Commission is created with jurisdiction over part of the same area, the latter Commission's jurisdiction would not supersede that of the Metropolitan Area Planning Commission. In fact, the Metropolitan Area Planning Commission would have exclusive jurisdiction over the area involved. Your third question is based upon the portion of section 19 O.S. 866.2 [19-866.2], which provides: "In any county of the state authorized to avail itself of the provisions of this act and form with a city located therein a cooperative planning commission, such city is hereby empowered to. . . . "Such county is hereby granted authority. . . . In every county of this state having an upstream terminal part and turnaround where navigation ends, or in any county containing all or any part of a reservoir or reservoirs constructed by the United States Army Corps of Engineers or the Grand River Dam Authority, such county is hereby granted authority, at the discretion of the board of county commissioners, to establish zoning regulations, a building code and construction codes, and a housing code in accordance with the provisions of this act for all or any part of the unincorporated area within the county. and . . . authority to adopt . . . throughout the unincorporated area of the county, additional elements of a comprehensive plan. " (Emphasis added) The emphasized portion of the above statute was added to it by O.S.L. 1963, ch. 329. Section 1, p. 571. At the time this amendment was made to Section 866.2, Sections 866.1 — 866.34 dealt solely with one subject, Metropolitan Area Planning Commissions. They were only applicable when a city with a population of not less than 5,000, nor more than 100,000, and the county commissioners of the county wherein the city was located, elected to implement them. See Attorney General's Opinion No. 63-202. "Amendments are to be construed together with the original act to which they relate as constituting one law, . . ." 82 C.J.S., Statutes, Section 384. p. 896. In this case, the amendment should be construed together with the original act as one law concerning Metropolitan Area Planning Commissions. Also, in Irwin v. Irwin, Okl., 433 P.2d 931,934 (1965), the Supreme Court said: "If the meaning of a portion of the statutory text is uncertain we may resort to the title of the act which serves as a valuable aid in interpreting the body and in determining legislative intent. This is especially proper in Oklahoma because our constitution requires that the purpose of an act be clearly expressed in its title." The title of this amendment provided as follows: "An Act relating to metropolitan area planning commissions of certain counties; amending 19 O.S. 1961 Section 866.2[19-866.2] [19-866.2] and Section 866.17; extending the jurisdiction of such commissions in those counties having an upstream terminal port and turnaround where navigation ends, or in any county containing all or any part of a reservoir or reservoirs constructed by the United States Army Corps of Engineers to include all or any part of the unincorporated area within the county; and declaring an emergency." This clearly indicates that the legislature meant only to grant additional jurisdiction to certain Metropolitan Area Planning Commissions, Therefore, in reply to your third question, it is the opinion of the Attorney General that the amendment to Section 19 O.S. 866.2 [19-866.2] only granted additional powers to those counties (1) which are qualified to avail themselves of the provisions of the Metropolitan Area Planning Commission Act (See 19 O.S. 866.1 [19-866.1] (1961)), and (2) which also contain an upstream terminal port and turnaround where navigation ends, or all or any part of a reservoir or reservoirs constructed by the United States Army Corps of Engineers or by the Grand River Dam Authority. Title 19 O.S. 866.5 [19-866.5] (1961), states in part: "The Board of County Commissioners of any such county and the City Council of such city desiring to avail itself of the provisions of this Act shall, at any time, set up a Metropolitan Area Planning Commission . . . ." (Emphasis added) If a county desires to avail itself of the provisions of this act it must do so through a Metropolitan Area Planning Commission. Therefore, in reply to your fourth question, it is the opinion of the Attorney General that a county which is granted the authority referred to in question three cannot exercise such authority if no Metropolitan Area Planning Commission exists in such county. (Max A. Martin) ** SEE: OPINION NO. 70-239 (1970) **