HARLEY v. IONIA CIRCUIT JUDGE.

BASTARDY—NATURE OF PROCEEDINGS—CIVIL OR CRIMINAL—PRIVATE COUNSEL.

Bastardy proceedings are not strictly criminal, and the guardian of an infant complainant may properly employ counsel to represent her interests notwithstanding the provisions of the statutes (§§ 2556, 2561, 2569, 1 Comp. Laws) prescribing the qualifications and duties of prosecuting attorneys.

Mandamus by Maude Harley, guardian of Jeanette A. Brown, a minor, and Frank M. Burbank, prosecuting attorney of Ionia county, to compel Frank D. M. Davis, circuit judge of Ionia county, to set aside an order denying the right of the complaining witness to employ an attorney in the prosecution of bastardy proceedings. Submitted June 6, 1905. (Calendar No. 21,144.) Writ granted June 29, 1905.

*A. A. Ellis*, for relators.

*Scully & Davis*, for respondent.

McALVAY, J. This is an application for a writ of mandamus against Ionia circuit judge. Jeanette A. Brown, an unmarried woman, and a minor of the age of 17 years, began proceedings under the bastardy statute against one Myron Hannah, charging him with being the father of her unborn child. He was arrested, and, after a hearing and a finding duly made supporting the charge, was required to and did give a bond to appear for trial before the circuit court for Ionia county. Afterwards the child was born and is now living. Maude Harley, the guardian of Jeanette A. Brown, with the consent of the prosecuting attorney, employed A. A. Ellis, an attorney, to appear for and represent said minor in said bastardy proceedings. The case came on to be heard in the circuit court. The pros-

ecuting attorney appeared in behalf of the people, and A. A. Ellis also appeared with the consent of the prosecutor, representing the complainant. The attorneys for defendant objected to such appearance on the part of Attorney Ellis for the reason that the prosecuting attorney, not being disqualified, was by virtue of his office the only person who could appear in the prosecution of this case, and because it appeared that A. A. Ellis, who proposed to assist in the trial of said case, representing the interests of Jeanette A. Brown, was employed by others than the county of Ionia to act in such capacity, and such private employment disqualified him to act as assistant prosecuting attorney. The court sustained the objection, and an order was entered "that said A. A. Ellis be not allowed to aid in the prosecution of this cause, he being employed by said guardian."

A peremptory writ of mandamus is prayed for to vacate said order, and to allow said Ellis to take part in said prosecution. The contention on the part of the respondent here is that this case comes within the rule applicable to criminal causes prohibiting and disqualifying attorneys employed by private parties from taking part in their prosecution; that it is a case criminal in its character, and to be conducted by the representative of the people, and, not being a felony, no assistant prosecutor could be allowed. It is admitted on the record that Attorney Ellis is employed by complainant's guardian to represent her interests; and claimed that defendant is not charged with a misdemeanor or felony, and that the proceeding begun by said Jeanette A. Brown is not a criminal cause within the statute invoked by defendant, but a civil proceeding, wherein she is entitled to be represented by her own attorney employed in her own behalf.

It is provided by statute:

"Prosecuting attorneys shall in their respective counties appear for the State or county and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions whether civil or criminal in which

the State or county may be a party or interested." 1 Comp. Laws, § 2556.

A prosecuting attorney cannot receive fees from private individuals, nor be permitted to prosecute any criminal case, where he is interested ·in a civil case growing out of the same state of facts. 1 Comp. Laws, § 2561. He is allowed an assistant only in cases of felony, and such assistant must have the same qualifications as a prosecuting attorney. 1 Comp. Laws, § 2569. If this bastardy proceeding is a criminal prosecution within the meaning of these statutes, the attorney employed by the guardian is clearly disqualified to act on behalf of the complainant, and, the prosecuting attorney admittedly being qualified to act, and the defendant not being charged with a felony, no assistant could be appointed.

The nature and character of the proceedings under the bastardy act have been frequently defined by this court. In the case of *Semon* v. *People*, 42 Mich. 141, this court said:

"The proceedings are not criminal in the proper sense, but special and peculiar. The rule of establishing misconduct beyond a reasonable doubt does not apply. The judgment, if it can properly be called a judgment, involves none but civil consequences."

"In this State bastardy proceedings are not regarded as criminal, or as dealing with a crime or misdemeanor." *People* v. *Harty*, 49 Mich. 490.

They are not criminal proceedings in the proper sense of the term. *Cannon's Case*, 47 Mich. 485. They are quasi criminal so far as they aim to protect the public. *Semon* v. *People*, 42 Mich. 141. No judgment known to the common law follows the verdict. *Cross* v. *People*, 8 Mich. 113. In the case of *Sutfin* v. *People*, 43 Mich. 37, the court said of these proceedings that they are partly for the benefit of the complainant, and may be instituted in ·her name, and partly for the purpose of indemnifying the public, and may be instituted in the name of the people. The many decisions of this court clearly recognize that

these are not strictly criminal proceedings. The rules of evidence applying to criminal cases as to the proof required to find against the defendant are not applied. This case was the complainant's case. She was the proper party to bring it. The interest of the public is not the only interest involved. The statute wisely provides against the contingency of such a child becoming a public charge, but it recognizes that the complainant is interested, and must also be protected. To properly protect the interests of a minor under such circumstances by the employment of counsel would appear not only to be a right but the duty, of a parent or guardian. The prosecuting attorney representing the people and the attorney representing the complainant do not represent conflicting interests; nor is the complainant's attorney in any sense an assistant prosecutor.

The writ of mandamus is granted, setting aside the order of the circuit court and allowing complainant's attorney to take part in the trial of the case representing her interests.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.