# COURT OF SPECIAL SESSIONS — NEW YORK CITY.

## May, 1922.

# THE COMMISSIONER OF PUBLIC WELFARE EX REL. MABEL STUART v. EDMUND CHANDLER.

### (201 Misc. 201.)

(1) BASTARDS—PROCEEDINGS CONTROLLED ABSOLUTELY BY STATUTE.

Bastardy proceedings are controlled absolutely by statute, and nothing can be done in said proceedings not ordained or sanctioned by the statutes.

(2) SAME—COURT MAY NOT SUSPEND PAYMENTS IN ORDER OF FILIATION UNDER CODE CRIM. PRO. § 859, ALTHOUGH CHILD HAS BEEN SENT TO WEST INDIES.

The only modification of an order of filiation allowable by section 859 of the Code of Criminal Procedure has to do merely with decreasing or increasing the amount payable under the order. Accordingly, a motion by the putative father to have payments required under an order of filiation suspended must be denied although it is claimed that the child has been sent to the West Indies where it still remains in the care and custody of its grandmother.

MOTION by the defendant to suspend the operation of an order requiring him to pay two dollars and fifty cents a week toward the support of a minor child.

FRESCHI, J.:

Justices Moss, Edwards and Herrman tried this bastardy proceeding on February 19, 1919, and adjudged defendant to be the father of the child of one Mabel Stuart, the prosecutrix herein. The court ordered the defendant to furnish securities in the sum of $250 to secure the payment of $2.50 per week for the support of said child, etc. The defendant was placed on probation to comply with that order. A bench warrant was issued on October 14, 1921, upon an affidavit of a probation

officer, alleging that the defendant "has failed to comply with the order of this court to pay $2.50 per week for the support of said child and is now in arrears of $67.50." On the defendant's arraignment under that warrant, he was again paroled on March 8, 1922, on which day he was again placed on probation at the request of the corporation counsel.

The defendant now makes a motion for an order "suspending the operation of that part of the said order of filiation which requires the defendant to pay $2.50 per week towards the support of a minor child of whom Mabel Stuart is the mother, until such time as said minor child returns to the city of New York, State of New York, of the United States of America."

The defendant claims in the moving papers that the child in question was sent about November 21, 1921, to the West Indies, where it still remains in the care and custody of its grandmother.

Under the Greater New York charter provision, section 684, all bastardy proceedings shall be conducted by and in the name of the commissioner (of public welfare), and the amount collected shall be paid to the commissioner, to be by him applied to the support of the child, or of the child and its mother, and shall be accounted for by him in a manner approved by the comptroller. The authority to compromise bastardy cases is also vested in the commissioner. In many cases where special conditions have existed, this authority had been exercised so as to suspend the payments during the absence of a bastard child which is being supported by relatives in localities outside of the city of New York.

The mother has no authority to make a complaint; only the poor officers are permitted to make any complaint against the putative father, but the mother has the right to the control and custody of the child. Flint v. Pierce, 136 N. Y. Supp. 1056.

At common law the father was not liable for the support of either the mother or the child. People ex rel. Lawton v. Snell,

216 N. Y. 527; Bissell v. Myton, 160 App. Div. 268; affd. 214 N. Y. 672.

In the case of neglect or inability of the father or mother of a bastard it must be supported by the county, city or town chargeable therewith under the provisions of the Poor Law. Code Crim. Pro., § 839.

In the case at bar the court has made an adjudication as to the filiation of the bastard on February 19, 1919, ordering that the defendant pay weekly two dollars and fifty cents for the support of the bastard and furnish an undertaking with sufficient sureties that he will obey the order of the court and indemnify the county where the bastard was born, and every other county, town or city which may have been or may be put to expense for the support of the bastard against those expenses for its support.

No competent proof is presented to the court by the defendant to show that said bastard child is in the West Indies, and even though it were true, there is no provision in the law which would give to this court power to suspend the payments as required under the order of filiation made in this case. It is well settled that bastardy proceedings are controlled absolutely by statute, and nothing can be done in said proceedings not ordained or sanctioned by the statutes. The only modification of an order of filiation allowable by the statute (Code Crim. Pro., § 859) has to do merely with the decreasing or increasing the amount payable under the order. A bastard child is presumed likely to become a public charge; hence the geographical status of said child is immaterial. Nothing in the law requires the said bastard child to remain within the jurisdiction of the county or city, or even in the State in which said child was born, in order to give effect to said order of filiation.

I, therefore, advise that this motion be denied.

Judgment accordingly.