The STATE of Oklahoma, Plaintiff,

v.

Jack W. COSBY, Defendant.

No. 35291.

Supreme Court of Oklahoma.

June 7, 1955.

Paul & McPheron, W. L. Steger, Durant, for respondent-appellant.

Willis R. Stark, Oklahoma City, for guardian ad litem for Linda Lou Cosby and Helen Cosby, appellee.

DAVISON, Justice.

This is an appeal from an order vacating a former order and judgment fixing and ordering attorneys' fees paid. It grows out of the conviction for wife and child abandonment and the subsequent parole of the defendant on condition that monthly payments of support money be made to the court clerk for the use and benefit of said child.

About the year 1930, one Jack W. Cosby, a railroad employee, commenced going with a seventeen year old girl. During the ensuing twelve or fourteen years, they were together often and regularly. She followed him to various towns where he was transferred. In the latter part of 1942 she became pregnant and, the following summer, he sent her to California where a baby girl was born to her. She returned to Oklahoma but was unable to get the child's father to help in her support. A bastardy proceeding was commenced but was terminated by the marriage of the parties at McAlester, Oklahoma, December 20, 1944. They spent a night together and then Mr. Cosby sent his wife to Durant, Oklahoma, giving her ten dollars in cash. Two months later at Ada, Oklahoma, he filed a divorce action wherein the court ordered payment of suit money, attorneys' fees and monthly payments of support money in definite amounts to be made by him. The order was never complied with and the divorce action was abandoned. In October, 1945, he was charged with wife and child abandonment in a Criminal action filed at Durant. He was tried, convicted and sentenced to serve a ten year term of imprisonment at the penitentiary. The conviction was affirmed by the Criminal Court of Appeals on appeal but the sentence was reduced to five years. Cosby v. State, 85 Okl. Cr. 159, 186 P.2d 844.

On April 6, 1948, in accordance with the provisions of 21 O.S.1941 § 855, the said Jack Cosby was granted a parole after the trial court, wherein he was convicted, approved his bond securing the payment of $75 per month, to the clerk of said court, for the maintenance and support of his said child. All payments have been made in conformity with the conditions of the bond and parole. Cosby is unaffected by the controversy now before us. It is a controversy between the daughter, Linda Lou Cosby, through her guardian ad litem, and an attorney, D. S. MacDonald, Jr. The facts were presented by stipulations of the parties and by exhibits. The issue is as to attorney's fees and is a matter of first impression in this court.

In the latter part of 1943 or the early part of 1944, a few months after the birth of Linda Lou, her mother, Helen, being destitute and sorely in need of legal advice and

representation, contacted Mr. MacDonald. He agreed to help her on purely a contingent fee basis of one third of what he could manage to recover for her. He "represented her directly and indirectly in a criminal proceeding instituted in Marshall County, Oklahoma, bastardy proceedings in the County Court of Bryan County, Oklahoma, divorce action in Pontotoc County, Oklahoma, divorce action in Choctaw County, Oklahoma and specially prosecuted Jack Cosby in the District Court of Bryan County, Oklahoma, in which trial he was sentenced by the jury to ten years imprisonment, which judgment and sentence was reduced by the Criminal Court of Appeals to five years, where he also represented Mrs. Cosby." Some two years subsequent to the parole and maintenance proceedings, the court made the following order and judgment:

"Judgment of Disbursements of Funds

"Now on this 21st day of March, 1950, there being presented to this court acknowledgement and assignment by Helen Cosby née Sturgess, individually and in her capacity as mother and natural guardian of Linda Lou Cosby, to disburse payments of Jack W. Cosby, and it appearing to the court that D. S. MacDonald, Jr., is entitled to one-third of the proceeds heretofore paid or to be hereafter paid in this cause by, for or in behalf of Jack W. Cosby and that the said Helen Cosby requested and desires that one-third of such amount as contingent fee be paid to D. S. MacDonald, Jr., her attorney herein for services rendered by him between the years 1943 and 1948.

"It is Therefore by the Court Considered, Ordered, Adjudged and Decreed that Raymond W. Grimes, Clerk of this Court, and his successors in office, be and they are hereby directed to issue separate vouchers to Helen Cosby and D. S. MacDonald, Jr. her attorney, in the respective amounts of two-thirds to the said Helen Cosby of such funds so disbursed, and one-third of such amount so disbursed to D. S. MacDonald, Jr., for services rendered and completed herein and in matters in connection herewith, and that the sum of $74.25 which the said Helen Cosby is now in arrears in her payments to D. S. MacDonald, Jr. be repaid by the Clerk at the rate of $5.00 per month hereafter, (the last payment to be in the sum of $4.25) until the same has been fully paid; and such amount of one-third of payments hereafter to be made as aforesaid be and the same is hereby adjudged to be a lien of such payments to be satisfied by payment by the clerk of this court as aforesaid, as is by law in such cases made and provided."

Pursuant to motion of the said minor, Linda Lou Cosby, the court, on July 18, 1951, vacated its above-quoted judgment of March 21, 1950 and directed the clerk to make no further payments to the said D. S. MacDonald, Jr. From that order, this appeal was duly and regularly perfected.

The motion of the minor and the order of the court from which this appeal was taken were founded upon the proposition "that this (the trial) court was without authority in law to allow such fee as against Linda Lou Cosby, a minor, as provided by judgment of March 21, 1950." No question is raised as to the reasonableness of the fee nor as to the finding of the trial court that it was "A reasonable fee for services rendered." The record disclosing a legal representation extending over a period of many years, would at once convince any practicing lawyer with experience in such matters, that the fee arrangement was not only reasonable, but was also modest. By the diligent and constant efforts of the attorney in a capable manner, a fund was created and a source of income provided to help maintain the child, where otherwise there had been nothing.

There are few reported cases dealing with the authority and jurisdiction of the court in such matters. A very similar situation, however is reported in the case of Costigan v. Stewart, 76 Kan. 353, 91 P. 83, 84, 11 L.R.A.,N.S., 630, which was a bastardy proceeding. There as here, the contention was made that, without the appointment of a guardian for the minor

and the approval of the attorney's employment, there was no "liability of an infant for attorney fees as necessaries furnished in actions brought in his behalf." The court there pointed out that, "it is beside the whole question to contend that, because the judgment is in theory to be used for the support and maintenance of the child, the mother cannot out of the amount recovered pay to an attorney his fee for prosecuting the action." Also, "there is nothing analogous in the doctrine of the cases which refuse an attorney a lien upon money paid for alimony as his fees for procuring the allowance" because "public policy will not uphold a contract which tends toward the separation of husband and wife and which seeks to prevent the adjustment of marital difficulties."

▮ The view of the Kansas Court is wholesome. A mother, in a destitute condition with an infant, who has been abandoned by its father who has few wordly goods if not completely judgment proof, is in dire need of the services of a competent attorney. The representation is far from attractive, involving as it does the prospects of prolonged and harassing litigation of distasteful factual situations with little prospect of even a meager fee. Although an attorney accepts such employment only because of a charitable inclination and a devotion to public service, he should not be forever barred from sharing reasonably in a possible recovery resulting from his tireless and patient efforts. To so hold would be tantamount to destroying all possibility the infant has of securing the services of a lawyer when its need for such services is greatest. The fund which is created by the attorney's successful efforts is in a court with power to control its distribution in an equitable and just manner. It could serve no good purpose to require the approval of another court before undertaking to help the child by litigation aimed at creating the fund. The jurisdiction of the court to render the judgment of March 21, 1950, was inherent. It became final and the order vacating it was erroneous.

The judgment is reversed and the cause remanded with directions to proceed in a

manner. not. inconsistent with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, ARNOLD, and JACKSON, JJ., concur.

CORN, HALLEY and BLACKBIRD, JJ., dissent.