John Hildreth BENSON, Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. Harry Charles EVANS, County Attorney of Kingfisher County, Oklahoma, Defendant in Error.

No. 39753.

Supreme Court of Oklahoma.

July 17, 1962.

Rehearing Denied Sept. 11, 1962.

959

Edgar S. Vaught, Jr., E. William Brown, Oklahoma City, for plaintiff in error.

Harry Charles Evans, County Atty. of Kingfisher County; Shutler, Shutler & Baker, Kingfisher, for defendant in error.

WELCH, Justice.

On this appeal, lodged here by the defendant in a bastardy proceeding, we are called upon to review a county court's judgment denying his motion to vacate and modify a prior decree adjudging defendant's paternity of, and financial responsibility toward, an illegitimate child born to the complainant-mother. Two principal contentions are advanced for reversal: (a) because complainant-mother had removed her residence to California it became incumbent upon the county court to vacate its prior bastardy decree and terminate defendant's duty to provide support for the illegitimate child; (b) defendant's evidence was sufficient to show a change in condi-

tion occurring since the original decree and the trial court erred in refusing to reduce the amount of child support adjudged in its prior order.

The terms of the bastardy statute, 10 O.S.1961 § 71 et seq. do not make the validity of a paternity decree, or the child support order made pursuant thereto, contingent upon the mother's continued presence in this state, or within the county in which the father's responsibility was adjudged. The statute, 10 O.S.1961 § 71, merely requires that the proceedings be brought in the county court of the county where "such woman (mother of an illegitimate child) resides." The identical question raised here by the defendant was considered in Commissioner of Public Welfare ex rel. Stuart v. Chandler, 123 Misc. 201, 204 N.Y.S. 187, 188, wherein the court said:

"It is well settled that bastardy proceedings are controlled absolutely by statute, and nothing can be done in said proceedings not ordained or sanctioned by the statutes. The only modification of an order of filiation allowable by the statute (section 859 of the Code of Criminal Procedure) has to do merely with the decreasing or increasing the amount payable under the order. A bastard child is presumed likely to become a public charge; hence the geographical status of said child is immaterial. Nothing in the law requires the said bastard child to remain within the jurisdiction of the county or city, or even in the state in which said child was born, in order to give effect to said order of filiation."

The unmistakable terms of the legislative enactment, 10 O.S.1961 § 79, confer upon the county court continuing jurisdiction to "at any time, enlarge, diminish or vacate any order or judgment" rendered in the proceedings, and thus vest it with a power somewhat similar to that possessed by the district court over the maintenance of children of divorced parents. Ex parte Lowery, 107 Okl. 132, 231 P. 86; Moore v. State, 125 Okl. 263, 257 P. 1100; State ex rel.

Ammon v. Blaine, 145 Kan. 648, 66 P.2d 596. In Fletcher v. Fletcher, Okl., 362 P. 2d 691, it was held:

"Where the wife has brought a suit for divorce and for custody and support of minor children, and judgment is rendered in her favor in these particulars, she cannot by removing to a foreign jurisdiction and taking the children with her defeat the continuing jurisdiction of the court to modify its decree insofar as it applies to the custody and support of the children."

■ We hold that the removal of complainant-mother to another state does not operate to divest the county court of its continuing jurisdiction to entertain modification proceedings in a bastardy case, nor will such removal, standing alone, authorize that court to vacate a prior paternity decree so as to extinguish defendant's duty of providing support for the illegitimate child.

■ There was therefore no error in the trial court's refusal to set aside the paternity decree and to extinguish defendant's continuing legal obligation towards the illegitimate child. The prior decree remained in full force and effect even though the child was no longer present in Kingfisher County, and defendant was not entitled to an order suspending or terminating the support payments.

As disclosed by the evidence, defendant is a single man who at the time of the proceedings below was 28 years old. So far as the record discloses, defendant has no financial or family obligations. He lives with his mother who provides him with maintenance and support. Possessed of two automobiles, both of recent vintage, he is skilled in mechanics and likes to work on cars. For some eight to ten years he has been afflicted with a skin disease which by intermittent acute demonstrations was asserted to prevent him from engaging in gainful employment.

There is no expert evidence in the record to show that these flareups permanently incapacitated defendant from pursuing any type of gainful employment, but, on the contrary, one of defendant's physicians specifically stated that defendant was free from any impairments and his physical condition was good. Neither does it appear that defendant has been exerting a diligent effort towards earning or producing income.

The county court concluded that the evidentiary showing was insufficient to establish a material change in conditions since the prior decree. This action allowed the original order for $100.00 per month to stand and remain unmodified.

■ The provisions made for the support of an illegitimate child whose paternity has been adjudicated by decree of the county court are subject to modification on the basis of some *material* change of circumstances occurring since the last prior order or decree, or upon showing of some fact unknown at that time. The action of the county court in refusing to modify a prior order for support of an illegitimate child will not be disturbed on appeal unless such court is shown to have abused its sound discretion. Moore v. State, supra; Lawhead v. State, 99 Okl. 197, 226 P. 376; Harden v. State, 188 Okl. 155, 107 P.2d 364.

■ Under the evidence, as outlined, we find no abuse of discretion in the trial court's refusal to reduce the monthly charge for maintenance and support of the child.

■ In his brief defendant complains that one-third of the payments made by him pursuant to the order inures to the benefit of the mother's attorneys under a contingent fee agreement. We held such agreements valid in State v. Cosby, Okl., 285 P.2d 210.

The proceedings are free from error of law. There was no abuse of discretion in the trial court's action.

Affirmed.