STATE EX REL. SMITH, Respondent, v. CHICKS, Appellant.*

*No. 510 (1974). Submitted under sec. (Rule) 251.54 October 30, 1975.—Decided December 10, 1975.*
(Also reported in 235 N. W. 2d 694 and 239 N. W. 2d 9.)

* Motion for rehearing denied, without costs, on March 2, 1976. BEILFUSS, J., dissents to memorandum on rehearing.

For the appellant the cause was submitted on the brief of *Jack McManus* and *McManus & Haukom,* and a reply brief of *Jack McManus* and *McManus Law Offices* of Madison.

For the respondent the cause was submitted on the brief of *A. Henry Hempe* and *Hempe & Daniel* of Janesville.

HANLEY, J. Secs. 52.24 and 52.25, Stats., govern the commencement of paternity proceedings. Sec. 52.24 allows the district attorney to proceed on his own initiative if a woman bears a child out of wedlock which is likely to become a public charge. Under this statute, the district attorney is allowed to bring the woman before a judge or court commissioner who is required

to examine her under oath, "respecting the father of such child, the time when and the place where such child was begotten and such other circumstances as he deems necessary." After examination, the judge or court commissioner may issue a warrant.

Sec. 52.25, Stats., governs proceedings commenced by the mother. If she makes a complaint to the district attorney, he is required to reduce it to writing under her oath, and may either petition a judge of the county for a warrant, or may proceed as in sec. 52.24, or may issue a summons himself.

In the instant case the defendant was served with a summons. The summons was not issued by the district attorney. It was signed by County Judge JOHN J. BOYLE. It does not appear whether Judge BOYLE conducted a probable cause hearing before he issued the summons.

In holding that the provisions of sec. 52.25, Stats., were directory and not mandatory, the trial court relied on *State ex rel. Werlein v. Elamore* (1967), 33 Wis. 2d 288, 147 N. W. 2d 252. In that case the proceedings arose under sec. 52.24, but the county judge before whom the probable cause hearing was held did not inquire as to "the place where such child was begotten". It was held that this was not grounds for dismissal because the place of conception was not material to either the venue of the action or the existence of probable cause. The case goes on the theory that it would be absurd for the legislature to make mandatory an inquiry into an immaterial matter on penalty of dismissal.

The facts in the instant case demonstrate convincingly why the district attorney should have control over the commencement of paternity proceedings. The child was born more than eleven years before the summons was issued and served. The mother was not, and as far as

it appears, had never been, a Wisconsin resident. In fact, the only Wisconsin contact with this case appears to be that it is the state of defendant's current residence. In such a circumstance, it is more than likely that a district attorney would decline to prosecute. It is a fair inference that the district attorney in this case declined to prosecute.

We hold it was the legislative intention that the district attorney have control of proceedings up until the time a warrant or summons issues under sec. 52.25, Stats. At that point, the mother is allowed representation by private counsel if she wishes. Sec. 52.22. However, if the district attorney declines to prosecute, the mother may not commence proceedings by a private attorney. The provision of sec. 52.25 that a paternity action may be commenced by a summons issued by the district attorney is mandatory. Accordingly, Judge BOYLE had no authority to issue a summons in this case, and the trial court never acquired jurisdiction over the person of the defendant.

*By the Court.*—The order is reversed and the cause remanded with directions to dismiss the action.

The following memorandum was filed March 2, 1976.

PER CURIAM *(On motion for rehearing).* The motion for rehearing is denied for two basic reasons. The constitutional issue was not raised in the court below and the record before us does not indicate the district attorney refused to commence the action. While constitutional issues not raised at the trial level can, in the court's discretion, be considered, we decline to do so upon the facts of this case.

The motion for rehearing is denied.

BEILFUSS, J. *(dissenting on rehearing)*. I respectfully dissent from the denial of the motion for rehearing. The constitutional issues were raised in the brief upon appeal and deal with important equal protection and due process concepts that should be decided.