**Clifton Leroy DRISKELL, Petitioner,**

v.

**Earl E. GOERKE, District Attorney of District Number Four, State of Oklahoma, et al., Respondents.**

**No. P–77–173.**

Court of Criminal Appeals of Oklahoma.

March 24, 1977.

Malcome R. Oyler and Mary E. Bane, Oyler & Smith, Oklahoma City, and Ancel Simpson, Kingfisher, for petitioner.

Earl E. Goerke, Dist. Atty., pro se.

Al Hoch, Asst. Dist. Atty., District No. Four, State of Oklahoma, for respondents.

Stephen Jones, pro se.

## OPINION

BLISS, Judge:

In this original proceeding the Petitioner filed his verified Petition in this Court asking that the Court assume or exercise original jurisdiction for the purpose of issuing a Writ of Prohibition, or alternatively a Writ of Mandamus, to the Respondents, prohibiting Earl E. Goerke, District Attorney, from allowing the participation of Stephen Jones from appearing as a Special Prosecutor for the State of Oklahoma, or Special Assistant District Attorney, in the case of *State of Oklahoma v. Clifton Leroy Driskell*, No. CRF–76–1084, pending in the District Court of Garfield County, Oklahoma, in which case the defendant (Petitioner herein) stands charged by Information with the crime of Murder in the First Degree; or, alternatively, to issue a Writ of Mandamus directing Respondent Earl E. Goerke, District Attorney, to perform his duties in the prosecution of said case without the assistance of the said Stephen Jones either in the asserted capacity of Special Prosecutor, Special Prosecutor of the State of Oklahoma or Special Assistant District Attorney and/or directing Respondent Stephen Jones to cease participation in either of said capacities. Separate Responses were filed by the Respondents and this Court proceeded to hear the case pursuant to Order with Petitioner's attorneys of record and Respondents present.

This Court will assume or exercise original jurisdiction herein but for want of the District Court of Garfield County being named as a Respondent herein, this Court will treat the Petition as praying for a Writ of Mandamus for the purposes above enumerated.

The facts reflect substantially as follows:

On November 1, 1976, Earl E. Goerke, the duly elected and qualified District Attorney of Garfield County, Oklahoma, filed an Application for Appointment of a Special Prosecutor in Garfield County, Cas. No. CRF–76–1084, stating inter alia, a heavy case load, reduced number of assistants due to budgetary problems, the complexity of the case at bar and that the control of the case would remain in the hands of the District Attorney's Office. On this same date the Honorable James W. Musser, Special District Judge, acting as Magistrate, issued a written order " . . . that the name of Stephen Jones is entered of record in *this* cause [CRF–76–1084] to serve as *Special Prosecutor,* unpaid . . .". An oath of "Special Prosecutor" was then administered and signed by Stephen Jones.

On November 4, 1976, immediately before preliminary hearing, Petitioner orally objected to the appointment of a Special Prosecutor stating the lack of statutory authority in Oklahoma for such appointment and the failure of the State to follow existing statutory authority to obtain assistance if needed. After a hearing and argument the Court overruled defendant's objection apparently relying on *Miller v. State,* 94 Okl.Cr. 198, 232 P.2d 651 (1951), and 19 O.S.Supp.1974, § 215.15.

On November 18, 1976, Petitioner filed before the District Court a Motion to disqualify the Special Prosecutor stating that the Constitution and statutes of Oklahoma do not permit such appointment. On Janu-

ary 12, 1977, after arraignment the Honorable J. Russell Swanson, District Judge overruled the Motion, thus permitting the participation of the Special Prosecutor.

It is to be noted, the record herein also indicates that the State asserts, to some degree, that Stephen Jones appeared or appears as a Special Assistant District Attorney. But the facts before this Court do not establish that he has, in fact, been so appointed.

After reviewing the record of the District Court, listening to the arguments of counsel before this Court, reading the proceedings with Exhibits filed in this cause, we find that Stephen Jones, at all times to present, in matters pertaining to the case at bar, has been acting as a Special Prosecutor, not as an Assistant District Attorney, meaning that he has been appointed by the District Court for the special and limited purpose of assisting the prosecution of Clifton Leroy Driskell in said cause.

We make no finding on the question of prejudice to the defendant resulting from the participation to date of a Special Prosecutor, since this issue is neither properly before us on an extraordinary writ nor sufficiently briefed with supporting record or argument by the parties; however, from the record that is before us we find no apparent prejudice by reason of his appearance and participation in the preliminary examination. See *Vassaur v. State,* Okl.Cr., 514 P.2d 673 (1973).

Having found Stephen Jones is acting as Special Prosecutor we do not reach the issue of and make no finding on the District Attorney's authority to appoint additional part or fulltime assistants; however, it is inherent from our decision today that the mere changing of the name from Special Prosecutor to Assistant District Attorney, relying on the temporary increased workload brought about by a single case is not in compliance with 19 O.S.Supp.1974, § 215.14

and § 215.15, which must be strictly complied with.

We now consider the issue before us: Whether or not the laws of the State of Oklahoma permit the appointment of a Special Prosecutor by the District Court to assist the District Attorney. We must answer this in the negative. Many cases from this and other jurisdictions have been cited by both parties in which "Special Prosecutors" have been directly or inferentially recognized. However, in 1965, the Oklahoma Legislature repealed 19 O.S.1961, § 181, et seq. and enacted 19 O.S.Supp.1965, §§ 215.1 thru 215.20 [1] replacing the County Attorney system with the District Attorney system; Title 19 O.S.Supp.1965, §§ 215.1, et seq. were subsequently amended in 1967.[2] We feel that with the passage of the "District Attorney Bill" in 1965, and more so with its amendment in 1967, the State Legislature plainly expressed their intent that the District Attorneys across the State perform their duties either themselves, through their assistants duly appointed under the authority of Title 19, or through the District Attorneys or assistants of other Districts by request. See 19 O.S.1971, § 215.4. In 1967 the Legislature further provided that:

"In the event that the District Attorney and all of his assistants are for any reason disqualified to act in a particular matter, the Attorney General of Oklahoma shall appoint some attorney of the district to act in such matter . . . ." 19 O.S.1971, § 215.9.

Title 19 O.S.1971, § 215.4 also provides:

"The District Attorney or his assistants *shall* appear in all trial courts and *prosecute* all actions for crime committed in his district . . . .."

This mandatory language used by the Legislature [3] with the addition, in 1967, of specific provisions for assistance from other Districts for temporary assistance to meet

---

1. See H.B.801, Ch. 256 of the 1965 Session Laws for the Thirtieth Legislature.

2. See H.B.591, Ch. 265 of the 1967 Session Laws of the Thirty-First Legislature.

3. We are mindful that this language is basically unchanged from 19 O.S.1961, § 183.

temporary needs and for assistance by Attorney General appointment in the event of disqualification is inconsistent with the appointment of a Special Prosecutor by District Court. It is also to be noted that H.B.591 in 1967, removed the power of the District Court to make temporary appointments and placed that authority in the Attorney General.

In light of the foregoing discussion of the Legislative action bearing on the issue before us we are of the opinion that the cited authority of other jurisdictions and of this jurisdiction prior to 1967, is not applicable. The recent cases of *Hammons v. State,* Okl. Cr., 560 P.2d 1024 (1977); *Wade v. State,* Okl.Cr., 556 P.2d 275 (1976); and *Vassaur v. State,* supra, cited dealt with the issue of whether not not a Special Prosecutor's participation in the case prejudiced the rights of the defendant. In *Vassaur* by dictum we stated that:

" . . . the existing statutes [no longer] provide for the services of a special prosecutor . . . "

but this is the first occasion since the enactment of the 1967 amendment that we have had directly before us the issue here presented.

In view of the foregoing we are of the opinion and so hold that the existing statutes of the State of Oklahoma do not permit the appointment of a Special Prosecutor by the District Court to assist the District Attorney.

For the above and foregoing reasons we find that Writ of Mandamus should issue to both Respondents, directing the said District Attorney no longer proceed in the prosecution of the case with the said Stephen Jones as a "Special Prosecutor" and that the said Stephen Jones no longer appear in such designated capacity.

IT IS SO ORDERED.

BUSSEY, P. J., and BRETT, J., concur.