Heather Renae RUSSELL, a Minor, By and Through Her Mother and Next Friend, Fidelia R. Adams, Appellant,

v.

Michael Alan BENNETT, Appellee.

No. 52259.

Supreme Court of Oklahoma.

Sept. 23, 1980.

Robert T. Keel Law Office by Robert T. Keel, Oklahoma City, for appellant.

Warren, Ricks & Mayfield, Glenn E. Ricks by Harold B. McMillian, Jr., Oklahoma City, for appellee.

HARGRAVE, Justice.

This is the appeal of Heather Renae Russell, a Minor, by and through her mother and next friend, Fidelia R. Adams, from the sustension of a demurrer to her petition and its subsequent dismissal with prejudice.

Plaintiff's petition alleges Fidelia R. Adams is the natural mother of Heather Renae Russell and pleads that a prior District Court action in Oklahoma County held the defendant here, Michael Alan Bennett, to be the father of the minor. Plaintiff then pleads defendant is able to provide support to his minor child but has refused in the face of plaintiff's inability to do so and prays the court award child support in the sum of $150.00 per month until majority. Additionally, the petition seeks attorney fees from defendant for the prosecution of the action.

It is noted at the outset that this petition was filed in Oklahoma District Court Action No. JF 76–975, that being the same action

which previously determined the defendant Bennett to be the father of Heather. The journal entry in that segment of this proceeding contains a judgment therein for medical expenses and support. Title 10 O.S.1971 § 79 provides for the modification of all orders made in proceedings under § 71–81 of Title 10 after notice:

The Court may at any time, enlarge diminish or vacate any order or judgment in proceedings under this Article on such notice to the defendant and county attorney as the court may prescribe. 10 O.S. 1971 § 79.

It is argued that 10 O.S.1971 § 85 authorizes a final settlement of liability for support and education which renders the prior judgment of $1,500 for support and education final and binding, thus removing that settlement from the status of an order modifiable by the strictures of § 79 *supra*. We need not answer the constitutional attack on the validity of § 85 *supra* here offered as a basis for reversal of the judgment because that issue is not presented by the record before us. The journal entry of judgment issuing from the January 3rd hearing is a judgment pursuant to a hearing wherein evidence was adduced, and a judgment resulted. The adjudication that followed, memorialized by a journal entry, is simply a judgment. No place within the four corners of this judgment is there an indication that an agreement existed between the mother and father to settle any claims. On the contrary, the judgment is proof on its face that no settlement was concluded and the issues of paternity and support for the minor were settled only by judicial decree after a trial. Settlements by their very nature are contractual and are designed to forestall the necessity of the trial and judgment forthcoming here. Although Title 10 O.S.1971 § 85 allows a settlement, approved by the Court, to stand as an adjudication of all liability of the putative father the approval by signature of a district judge to a journal entry will not clothe a journal entry with the attributes of a settlement if those characteristics are not otherwise present.

The underlying basis of liability of the father in this instance is statutory. 10 O.S. 1971 § 78 states in part: "he shall be charged with the maintenance of the child in such sum or sums, and in such manner as the Court shall direct ...". In addition, the father's liability for maintenance of a child born out of wedlock is fixed by 10 O.S.1971 § 83, providing in part: "The father is liable for support and education of the child to the same extent as the father of a child born in wedlock...." Liability to the mother for medical expenses incurred is established by 10 O.S.1971 § 84. It was these statutory rights and liabilities which the first judgment attempted to enforce. The judgment, then, cannot be characterized as a settlement or compromise because a judgment after trial is the very thing a settlement is designed to avoid. In *Scott v. Scott*, 131 Okl. 144, 268 P. 245, 248 (1928), it was noted that "A compromise is an agreement between two or more parties, who to avoid a lawsuit, amicably settle their differences on such terms as they can agree upon. It is essential to a compromise that there be mutual concessions or yielding of opposing claims." When an action proceeds to judgment through an adversary proceeding, it is apparent there has been no amicable settlement, concession, compromise or yielding of opposing claims. See also *Evans v. Irby*, 100 Okl. 60, 227 P. 433, 435 (1924). Similarly absent from this judgment is an indication that the settlement, as it is alleged to be, is contractual in nature as a compromise or settlement agreement has been held to require. For in *Munn v. Mid–Continent Motor Securities Co.*, 100 Okl. 105, 228 P. 150 (1924), the following principle was laid out and it is applicable to the determination here made, and necessitates the determination that the journal entry is not properly characterized as a settlement. In *Munn*, quoting from *Gunn v. Fryberger*, 71 Okl. 170, 176 P. 249 (1918):

It is settled rule that, if the compromise agreement is accepted in satisfaction of the original demand, and the agreement to accept is based on sufficient consideration, the original demand is extinguished, and cannot be the foundation

of an action, and it makes no difference whether the original demand was on tort or on contract; but the promise or agreement will not operate as a satisfaction of the original debt or demand, unless the claimant intended to accept it as such, and such intention must be alleged and proven. To have the effect of extinguishing the original claim, the new promise must be one legally binding, and an essential element of the new agreement–like any other contract–is a consideration.

We therefore refuse to accede to the parties' characterization of the first judgment as a settlement. Therefore, 10 O.S.1971 § 85 providing for finality of settlements in actions of this character does not obtain in this proceeding. The operative statute under the facts posed and discussed is 10 O.S.1971 § 79 which states:

> The Court may at any time, enlarge, diminish or vacate any order or judgment in proceedings under this Article on such notice to the defendant and county attorney as the Court may prescribe.

Such a modification statute is consistent with the principles laid down by 10 O.S.1971 § 83 as the first sentence thereof reads:

> The father of a child who is born out of wedlock is liable for the support and education of the child to the same extent as the father of a child born in wedlock....

After the determination thus made that this judgment cannot rise to the dignity of a contractual settlement, on the facts and record before us 10 O.S.1971 § 85 does not apply. The remaining and controlling statute is 10 O.S.1971 § 79 which provides that the judgment of the court may be modified at any time. As that statute was applied in *Benson v. State ex rel. Evans*, 375 P.2d 958 (Okl.1962), the provisions made for the support of a child born out of wedlock are subject to modification on the basis of some material change of circumstances occurring since the last prior order or decree, or upon a showing of fact or facts unknown at that time.

The petition seeks a modification of the prior support judgment which is held modi-fiable at any time under 10 O.S.1971 § 79, *supra*, and error was committed in sustaining the defendant's demurrer. This conclusion renders discussion of the constitutionality of § 85 of Title Ten superfluous and no discussion of that issue need be made. The order of dismissal of plaintiff's cause of action is REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN and OPALA, JJ., concur.