STATE of Oklahoma ex rel. L. Jack BARTON, District Attorney for District No. 26, Woods County, Oklahoma, and Angelea Marie Holt, Appellees,

v.

Basil Charles VELEY, Appellant.

No. 56867.

Supreme Court of Oklahoma.

Sept. 14, 1982.

Jan Eric Cartwright, Atty. Gen., and Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee State of Oklahoma.

Jones & Gungoll by Stephen Jones, Enid, for appellant.

HODGES, Justice.

The novel question presented is whether the mother of a child born out-of-wedlock has the right to representation by private counsel in a paternity proceeding. We find that she does.

A paternity complaint was lodged against Basil Charles Veley [defendant-appellant] by the Woods County District Attorney on behalf of Angela Marie Holt [complainant-appellee]. The complainant employed private counsel to represent her interests. The district attorney objected to the participation of an outside attorney and sought a writ of prohibition from this Court in Cause No. 56,592, *Barton v. Linder,* which was denied. At the trial, the district court limited the participation of complainant's lawyer to: voir dire of the jury panel; direct and redirect examination of the complaining witness; procedural objection and closing argument. The jury found the appellant guilty, and he was adjudged to be the father of A.M.H. Appellant was ordered to pay: $2,645.93 for medical and related expenses with interest; medical insurance for the benefit of the child; and child support of $250.00 per month until further order of the court.

The appellant appealed based on the assertion that the trial court erred when it permitted participation by private counsel. It is argued that this procedure violates 10 O.S. 1981 § 75 which requires the district attorney to appear and prosecute all paternity actions;[1] and 19 O.S.1981 § 215.4 which mandates that the district attorney or his assistants shall prosecute or defend in all courts, state and federal, all civil actions in which any county in his district is interested, or a party.[2] Title 19 O.S.Supp. 1965

---

1. It is provided by 10 O.S. 1981 § 75:

 "It is hereby made the duty of the district attorney of the proper county to appear and prosecute all actions brought under this article."

2. The duties of the District Attorney are delineated by 19 O.S. 1981 § 215.4:

§ 215.9 [3] permitted district and superior judges to temporarily appoint a suitable person to perform the duties of district attorney. The statute was amended in 1967 to vest exclusive power of appointment in the Attorney General.[4] The appellant also argues that § 215.9 precludes participation by outside counsel. *Lancaster v. State,* 426 P.2d 714, 716 (Okl.1967) and *Benson v. State,* 375 P.2d 958 (Okl.1962) are cited to support appellant's position that paternity proceedings are controlled by statute and nothing can be done in these proceedings which is not ordained or sanctioned by statute. *Driskell v. Goerke,* 562 P.2d 157 (Okl. Cr.1977) is also cited for the principle that the district court may not appoint a special prosecutor to assist the district attorney in the prosecution of a case.

 The authorities cited correctly state the law insofar as prosecution of paternity proceedings is concerned. It is mandatory that the district attorney or his/her assistants appear in all trial courts in which any county in his/her district is interested, or a party, and prosecute all actions, whether civil or criminal; and if the district attorney's office is unable to serve, the Attorney General shall appoint an attorney to perform the necessary duties. However, the statutes which govern paternity proceedings do not prohibit employment of private counsel to protect the interests of the complainant.

An action to adjudicate paternity is a special hybrid which exhibits the nature of a civil proceeding. The purpose of a paternity action is not to find and punish a criminal adversary of the state, but, rather, to determine whether the accused is the father of the child, and, if so, to convert the father's moral obligation to support his child into a legal obligation.[5] Our research reveals that in jurisdictions where proceedings to determine filiation are regarded as civil in character, it has consistently been held that the mother has the right to private counsel even if the statute provides that the action shall be prosecuted in the name of the state by the district attorney.[6] The rationale for this position is that the

"The District Attorney or his assistants shall appear in all trial courts and prosecute all actions for crime committed in his district, whether the venue is changed or not; and he shall prosecute or defend in all courts, state and federal, in any county in his state, all civil actions or proceedings in which any county in his district is interested, or a party. The District Attorney may at all times request the assistance of District Attorneys or Assistant District Attorneys from other districts who then may appear and assist in the prosecution of actions for crime in like manner as assistants in the district."

3. Temporary appointments as district attorney were governed by 19 O.S.Supp. 1965 § 215.9. It provides in pertinent part:

"The District and Superior Judges, whenever there shall be no District Attorney for the district or Assistant District Attorney for the county, or when the District Attorney shall be absent from the court and not represented by a duly authorized assistant as herein provided, or unable to attend to his duties, or disqualified to act, may appoint, by order to be entered in the minutes of the court, some suitable person to perform for the time being the duties required by law to be performed by the District Attorney, and the person who is appointed shall thereupon be vested with all the powers of such District Attorney for that purpose...."

4. It is provided by 19 O.S. 1971 § 215.9 (as amended in 1967) in pertinent part:

"The District Attorney shall designate one of the Assistants in his district to be his First Assistant District Attorney and file such designation with the Secretary of State. Should the District Attorney be absent, unable to attend to his duties, or disqualified to act, the First Assistant District Attorney may perform the duties required by law to be performed by the District Attorney. In the event that the District Attorney and all of his assistants are for any reason disqualified to act in a particular matter, the Attorney General of Oklahoma shall appoint some attorney of the district to act in such matter and such person shall be vested with all the powers, duties and obligations of a duly elected or appointed District Attorney or Assistant District Attorney ...."

5. *State v. McCain,* 637 P.2d 72, 74 (Okl.1981); *Cessna v. Montgomery,* 63 Ill.2d 71, 344 N.E.2d 447, 456 (1976); *Leach v. State,* 398 P.2d 848, 851 (Okl.1965); *In re Comstock,* 10 Okl. 299, 61 P. 921, 922 (1900).

6. See *Cessna v. Montgomery,* 63 Ill.2d 71, 344 N.E.2d 447 (1976); *State v. Chicks,* 70 Wis.2d 833, 235 N.W.2d 694 (1975); *State v. Judd,* 27 Utah 79, 493 P.2d 604, 606 (1972); *State v. Sax,* 231 Minn. 1, 42 N.W.2d 680, 691 (1950); *Smith v. State,* 146 Wis. 111, 130 N.W. 894 (1911);

mandatory provision of the statute which vests the district attorney with the duty to prosecute paternity actions was intended to provide counsel for the mother at the expense of the state as well as to protect the state's interest in preventing the child from becoming a public charge. The statute was not intended to deprive the mother of any of her interests in the proceeding.[7]

In *Harley v. Ionia Circuit Judge,* 140 Mich. 642, 104 N.W. 21, 22 (1905) the Michigan Supreme Court interpreted a similar statute [Mich.Comp.Laws § 2556].[8] The statute required prosecuting attorneys to appear in all civil or criminal cases in which the state or county had an interest. The court said:

> ". . . The statute wisely provides against the contingency of such a child becoming a public charge, but it recognizes that the complainant is interested, and must also be protected. To properly protect the interests of a minor under such circumstances by the employment of counsel would appear not only to be a right, but the duty, of a parent or guardian. The prosecuting attorney representing the people and the attorney representing the complainant do not represent conflicting interests; nor is the complainant's attorney in any sense an assistant prosecutor. . . ."

The defendant has failed to cite a case in point to support his contention and our research has revealed only contrary authority. We hold that: it was the legislative intent that the district attorney control and prosecute paternity proceedings; this duty cannot be relinquished in favor of private counsel; under the facts of this case, the mother-complainant was entitled to representation by private counsel; and there was no showing of prejudice to the appellant.

AFFIRMED.

All the Justices concur.

*Harley v. Ionia Circuit Judge,* 140 Mich. 642, 104 N.W. 21 (1905).

See also Uniform Parentage Act § 19 which permits each party to be represented by counsel regardless of financial circumstances.

**7.** See *State v. Chicks, id.; State v. Sax, id.*

**8.** The Michigan statute, Mich.Comp.Laws § 722.714(c), was last amended in 1962 and it now requires the mother to employ private counsel unless she is eligible for public assistance.