STATE of Oklahoma, ex rel., DEPART-MENT OF HUMAN SERVICES, on Behalf of Marjorie Lynn BRUMMETT, Appellee,

v.

Verlin Lloyd MOORE, Appellant.

No. 69158.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 22, 1988.

Jan Meadows, Asst. Dist. Atty., Norman, for appellee.

Linda G. Alexander, Oklahoma City, for appellant.

## MEMORANDUM OPINION

HUNTER, Presiding Judge:

Upon the consideration of the briefs and record in the above-styled matter, the Court finds:

Appellant seeks review of the trial court's judgment requiring him to pay back child support, and denying his motion to disqualify the assistant district attorney. The State of Oklahoma on behalf of Marjorie Lynn Brummett, filed a paternity action against Appellant. The action was brought by the child support division of the Cleveland County District Attorney's office. Prior to the trial of the matter, Appellant acknowledged paternity of the child, thereby leaving only the issues of child support and custody to be determined by the trial court. The trial court entered its judgment against Appellant which required him to pay $175.00 per month as child support, and $3,675.00 for back child support, com-

puted at the rate of $175.00 per month retroactive to the second month of the child's life to date of judgment. The trial court further awarded custody of the child to the mother and denied Appellant's motion to disqualify the district attorney's office from further participation in the case.

■ Appellant strenuously argues that the trial court erred in failing to disqualify the district attorney's office from continued representation of the mother in the custody portion of the proceedings, following the establishment of paternity. This proposition is without merit. Title 10 O.S.Supp.1985, § 70, in effect at the time of trial, provided:

Proceedings to establish paternity may be brought:

1. in district court by criminal proceedings pursuant to Sections 71 through 85 of Title 10 of the Oklahoma Statutes; or

2. in district court by civil proceedings by the mother, the father, guardian or custodian of the child, the Department of Human Services, a public or private agency or authority chargeable with the support of the child, or by the child. The court after determining paternity in a civil action shall provide for the support and maintenance of the child; or

3. in an administrative proceeding pursuant to Sections 6 through 8 of this act.

Title 10 O.S.Supp.1985, § 75 provided:

(A) It is hereby made the duty of the district attorney of the proper county to appear and prosecute all actions brought under Sections 71 through 85 of this title.

(B) The district attorney of the proper county, upon request of the Department of Human Services, may initiate paternity proceedings pursuant to provisions in §§ 71–85 of this title.

Title 10 O.S.1981 § 6 provides:

The mother of an [child born out of wedlock] unmarried minor is entitled to its custody, services and earnings.

Reading all these sections together, several conclusions become obvious. First, it was proper for the district attorney to initiate and present paternity proceedings upon request of the Department of Human Services, as was done in this case. Second, the statute *required* the district attorney to prosecute the case. Third, custody of the minor child was not properly an issue, at the time of this action, as the statute clearly provided that the mother was to have custody. The legislature has since provided for the trial court to determine custody and visitation in a paternity proceeding, by amending § 70 in 1987, subsequent to the trial in this case.

Appellant's reliance on *State ex rel. Barton v. Veley,* 651 P.2d 683 (Okla.1982), is entirely misplaced as that decision supports the trial court rather than Appellant. In *Veley,* the Supreme Court said:

We hold that: it was the legislative intent that the district attorney control and prosecute paternity proceedings; this duty cannot be relinquished in favor of private counsel; under the facts of this case, the mother-complainant was *entitled* to representation by private counsel; and there was no showing of prejudice to the appellant. (emphasis added)

Appellant cites no persuasive authority requiring the bifurcation of paternity proceedings and *requiring* the mother to obtain private counsel, nor has Appellant demonstrated that the trial court's action resulted in prejudicial reversible error.

■ Appellant argues that the trial court did not have the authority to apply its child support order retroactively. This proposition is also without merit. Title 10 O.S.Supp.1986, § 83 provides in part:

"... if the father has acknowledged in writing that he is the father of the child, an action to enforce this obligation may be brought anytime before the child reaches majority, but liability may be imposed for only the preceding three years...."

The record reflects that the back support order did not exceed liability for the preceding three years, and that the trial court did not exceed its authority to order the child support payments retroactively.

We determine that no reversible error of law occurred, and the judgment of the trial court denying Appellant's motion to disqualify counsel and ordering back child

support payments is AFFIRMED. Rule 1.202(B), Rules of Appellate Procedure, Title 12 O.S.Supp.1983, Ch. 15, App. 2.

MacGUIGAN and HANSEN, JJ., concur.